UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: ) | Case No: | 11-02261 |
|    Lori M. Agostini ) | | |
| ) | Adv. Case No. | 11-01184 |
| Lori M. Agostini, ) | | |
|    vs. ) | Chapter 13 | |
| BAC Home Loans Servicing ) | | |
| ) | | |
| ) | Judge: | Jack B Schmetterer |

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Plaintiff, Lori M. Agostini, submits the following proposed finding of facts and conclusions of law:

FINDINGS OF FACT

1. The Plaintiff, Lori M. Agostini, filed a Chapter 13 on On January 20, 2011. The Plaintiff owns her home at 7512 North Greenview Avenue #2, Chicago, IL 60016 in fee simple. The Plaintiff scheduled the value of her residence at $100,000.00. The home is subject to a first mortgage in favor of Citi Mortgage and a junior mortgage in favor of BAC Home Loans

2. The amount of Citi Mortgage's secured claim is $140,901.98, and the amount of the BAC Home Loans secured claim for the second mortgage is $92,892.50.

3. On May 21, 2011 the Plaintiff filed a modified chapter 13 plan (the "Plan"). The Plan provides for payment by the Plaintiff to the Trustee of $232.00 per month for 60 months with unsecured creditors receiving 10% of their filed claims and payment of $916.59 per month directly to Citi Mortgage on the first mortgage.

4. On September 27, 2011, the Plaintiff will present a motion for entry of default judgment.

5. The secured claim of Citi Mortgage in the amount of at least $140,901.98, exhausts the

equity in the Plaintiff's residence and there is no equity to support the claim of the second mortgage of BAC Home Loans.

CONCLUSIONS OF LAW

1. The claim of Citi Mortgage in the amount of at least $140,901.98 is secured by a first priority lien in the Debtor's residence.

2. The claim of BAC Home Loans in the amount of $92,892.50 is second in priority, junior to the lien of Citi Mortgage.

3. As there is no equity to support the second priority lien of BAC Home Loans and its claim is not a claim secured solely by a security interest in the Plaintiff's principal residence, as that term is used in Section 1322(b) of the Bankruptcy Code, and the Debtor's plan legitimately modifies the rights of the creditor.

4. The Court's conclusion, that the bankruptcy court has the authority to strip off a wholly unsecured junior mortgage, is the majority position among courts that have addressed the question, and is supported by First Bank, Inc. v. Van Wie, 203 WL 156959 (S.D. Ind. 2003) which holds as follows:

> [T]he clear weight of appellate authority favors the bankruptcy court's authority to strip off a wholly unsecured junior mortgage. See *In re Bartee*, 212 F. 3d 277, 288-89 & nn. 15-18 (5th Cir. 2000). The majority hold "that antimodification exception is triggered only where there is sufficient value in the underlying collateral to cover some portion of the creditor's claim." *In re Pond*, 252 F.3d 122 (2d Cir. 2001). The seven federal circuits or circuit bankruptcy appellate panels to rule on the question have adopted the majority position. The seventh Circuit has yet to decide the question. Among the three published decisions within the circuit, one bankruptcy court, In re Waters, 276 B.R. 879 (Bankr. N.D. Ill 2002) and one district court, In re Holloway, 2001 WL 1249053 (N.D. Ill 2001), adopted the majority view and one bankruptcy court, In re Barnes, 207 B.R. 588 (Bankr. N.D. Ill

1997), adopted the minority view that even wholly unsecured junior mortgages are protected by Section 1322(b)(2)." First Bank, Inc., Van Wie, 2003 WL 1563959, p.3.

Respectfully submitted,

ATTORNEY: /s/ Jeff Whitehead

Jeff Whitehead, Attorney no. 6280034
700 West Van Buren, Suite 1506
Chicago, Illinois 60607
(312) 648-0473 phone
(312) 276-8759 fax

[signature] Judge

NOV 10 2011